***********
The undersigned have reviewed the prior Decision and Order based upon the proceedings before Deputy Commissioner Glenn and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award except for minor modifications.
 ***********
Based upon all the credible and competent evidence presented in this case, and pursuant to N.C. Gen. Stat. § 1A-1, Rule 41(b) of the North Carolina Rules of Civil Procedure, the following decision and order is hereby entered:
 STIPULATIONS
1. Dana Michelle Pharr was seriously injured in a motor vehicle wreck of a 1986 Pontiac Fiero on Rest Home Road (Catawba County RPR 1702) on the morning of October 9, 1996.
2. Dana Michelle Pharr was born on March 28, 1979 and was less than the age of eighteen years on October 9, 1996.
3. Medical bills totaling $319,307.91 were incurred for the care and treatment of Dana Michelle Pharr prior to March 28, 1997.
4. The total medical bills incurred for the care and treatment of Dana Michelle Pharr from October 9, 1996 to December 18, 1997 exceeded $500,000.00.
5. The medical bills were reasonable in amount and were reasonably and necessarily incurred for the proper medical treatment of the injuries of Dana Michelle Pharr and were reasonably incurred as the proximate and direct result of the injuries suffered by Dana Michelle Pharr in the motor vehicle wreck that occurred on Rest Home Road (Catawba County RPR 1702) on October 9, 1996.
 ***********
In addition to the stipulated facts, and based upon the evidence received prior to plaintiffs resting their case, the Full Commission makes the following findings of fact:
 FINDINGS OF FACT
1. Dana Michelle Pharr was plaintiffs' natural born daughter, was in their custody at the time of the accident, and was living in their residence. She generally drove to school.
2. On a rainy day prior to the day of the accident, plaintiff Judy Pharr had driven with her daughter down Rest Home Road. She saw water out in the road near where the accident later occurred. She warned her daughter that if it continued to rain, she should come back a different route and not to go that way if there was water in the road.
3. Both plaintiffs had noticed water running into the road on a day before the accident. Neither plaintiff made any attempt to report this condition to defendant and plaintiff Mitch Pharr did not tell his daughter Dana Pharr about it.
4. On the day of the accident, there was an unusual, extremely heavy downpour for about an hour between 6:30 a.m. and 7:45 a.m. It was the hardest rain that plaintiff Judy Pharr had experienced since plaintiffs moved into their house in 1988. The water from the rain came three feet into Mr. Pharr's business that was located near the house. Dana Pharr left for school just after the rain had slowed or stopped.
5. Dana Pharr's school began at 8:00 a.m. though she generally got there early, at 7:00 a.m., for extracurricular activities. On the day of the accident she left the house for school at about 7:40 a.m.
6. The accident occurred on Dana Pharr's usual route to school, about one half mile from her house.
7. An ambulance was dispatched to the scene at 7:51 a.m. after the accident. It was raining and the ambulance was there when Deputy Larry McCorkle arrived at the scene shortly thereafter.
8. Tire impressions left by the small, rear-engined, Pontiac Fiero driven by Dana Pharr were 126 feet long. The tracks led off the right side of the road to a tree that had been struck by the car. The point of impact was on the driver's door.
9. After the accident there was water running onto and down the edge of the road from the driveway off a field on the property of Johnny Sigmon. Mr. Sigmon's property was higher than the road.
10. The investigating officer, Trooper Larry Rathbone, noted the water running down the Sigmon driveway into the road. However, he did not see any problem with the roadway to be reported to defendant. When he did report a problem, defendant's employees always responded.
11. Two to three months prior to the accident, Cecil Honeycutt, who drove the road every day, claimed to have made a complaint by telephone to someone about water running off of Mr. Sigmon's field into Rest Home Road. However there was no competent or credible evidence regarding to whom he complained or for whom they worked. Mr. Honeycutt did not look up or dial the number that was called. He was unable to say what number was called or to identify the individual to whom he spoke.
12. In the normal course of business, defendant had an established system for recording complaints, which included an inspection to determine what action was necessary, taking of appropriate remedial action, and recording the complaint and response in its road file.
13. Defendant's road file contains no complaints about drainage or water on Rest Home Road in the vicinity of the accident or the Sigmon driveway prior to the accident.
14. There was no credible or competent evidence of any significant build up of sediment on the shoulder of the roadway. The photographs taken on the day of the accident and later show no buildup.
15. There was no credible or competent evidence that any particular employee of defendant had notice or reason to know of drainage or shoulder problems at or near the scene of the accident.
16. Plaintiff's witness Frank Logan's claims of neglect and of "extreme" buildup of 1 1/2 to 2 inches of sediment on the shoulder of the roadway were not substantiated by the evidence, including photographs taken on the day of the accident and a month later.
17. After the accident Dana Pharr successfully completed two classes and an end of grade test for one of the classes that enabled her to graduate from high school on December 19, 1997.
18. Based upon the foregoing Stipulations and Findings of Fact, the Full Commission makes the following Conclusions of Law:
 *********** CONCLUSIONS OF LAW
1. The State is liable in tort only as provided in the Tort Claims Act. Nello L. Teer Company v. State Highway Commission, 265 N.C. 1,143 S.E.2d 247 (1965). Plaintiff has the burden to prove all elements of negligence on the part of an alleged employee of defendant named in the affidavit of claim. N.C. Gen. Stat. §§ 143-291, 143-297.
2. To recover on a negligence claim, a plaintiff must allege and prove that a plaintiff was owed a certain duty, that the duty was breached and the breach proximately and foreseeably caused the plaintiff's injury.Bolkir v. NCSU, 321 N.C. 706, 365 S.E.2d 898 (1988).
3. It is necessary for recovery that the affidavit filed in support of the claim and the evidence offered before the Commission identify the specific employee alleged to have been negligent and set forth the act or acts of negligence relied upon for each. Ayscue v. North Carolina StateHighway Commission, 270 N.C. 100, 153 S.E.2d 823 (1967). Without proof of negligence by the named employee, plaintiff may not recover. Woolard v.DOT, 93 N.C. App. 214, 377 S.E.2d 267, cert. denied, 298 N.C. 567,261 S.E.2d 123 (1979).
4. Plaintiff produced no competent or credible evidence of any negligence, i.e., of a breach of duty or care, on the part of an employee of defendant. N.C. Gen. Stat. § 143-291.
5. Plaintiff failed to show by the greater weight of the evidence that the named employees of defendant, Max Abernathy, Dennis Lutz, or Mark Letterman, were negligent. N.C. Gen. Stat. § 143-291.
6. Plaintiff failed to show by the greater weight of the evidence a negligent act or omission on the part of an employee of defendant was the proximate cause of injury to Dana Pharr. N.C. Gen. Stat. § 143-291.
7. Plaintiff has shown no right to relief. N.C. Gen. Stat. §143-291.
 ***********
Based upon the foregoing Stipulations, Findings of Facts and Conclusions of Law, the Full Commission enters the following
 ORDER
1. Pursuant to N.C. Gen. Stat. § 1A-1, Rule 41(b), defendant's motion to dismiss plaintiff's claim with prejudice, is hereby GRANTED.
2. Both sides shall bear their own costs.
This the 13th day of May 2003.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
DISSENTING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER